## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

James M. Swink

    v.

Mohammed Talba et al.

May 20, 1987

Case No. (Law) CL87-222

By JUDGE ALAN E. ROSENBLATT

The plaintiff has filed discovery requesting the production of (1) copies of all statements made by Mohammed Talba and (2) copies Liberty Mutual Insurance Company's file on the case of Susan Chiras. The defendant resists production in reliance on Rule 4:1(b)(3).

The Court is of the opinion that the request for the insurance company file is too broad and the objection is sustained. Whether or not any documents in the Chiras case are discoverable in this case will depend upon which specific documents are designated for production.

The statements made by the defendant Talba to his employers would ordinarily be discoverable under Rule 4:1(b)(1). Defense counsel argues, however, that they were "prepared in anticipation of litigation" and are discoverable pursuant to Rule 4:1(b)(3) only. In his argument he asks this court to apply a reasonable man test to the Rule:

> If a reasonable man, in the shoes of the party *resisting* discovery when the requested material was produced, would have anticipated or reasonably foreseen litigation, the subject matter should

receive the qualified protection of Rule 4:1(b)(3). 17 *Univ. of Rich. Law Review* 285 (1983).

The Court is of the opinion that such an interpretation is in conflict with the plain language of the Rule. When a discovery request is received, the burden is upon the party resisting discovery to show that the materials were *actually* prepared in anticipation of litigation. Whether or not the materials are discoverable will depend upon all of the circumstances surrounding their preparation including the identity of the person who prepared them.

To resolve this matter an evidentiary hearing must be scheduled unless the parties can agree on a written stipulation of the events following the accident.